## 36206.   DAVIDSON *v.* THE STATE.

TOWNSEND, J.   "The theory that he [the defendant] committed the offense through misfortune or accident was raised solely by his statement to the jury, and, therefore, under repeated decisions of the Supreme Court and of this court, the failure of the trial court to instruct the jury on that theory was not error in the absence of an appropriate written request." *Tyler* v. *State,* 42 *Ga. App.* 287 (1) (155 S. E. 786).   See also *Eich* v. *State,* 169 *Ga.* 425 (5) (150 S. E. 579); *Moss* v. *State,* 43 *Ga. App.* 109, 110 (6) (158 S. E. 461).   Where, as here, the defendant was indicted for murder and convicted of voluntary manslaughter, and offered no evidence but in his statement to the jury contended that the pistol with which the killing had been inflicted had been discharged by accident while he and the person killed were both seeking to gain possession of it, the single special ground of the amended motion for a new trial complaining that the trial court erred in failing to charge without request the principles of Code § 26-404 providing that one shall not be found guilty of any crime committed by misfortune or accident, where it satisfactorily appears that there is no evil design, intention, or culpable neglect, is without merit.   The general grounds are not insisted upon and are treated as abandoned.

> *Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*
> DECIDED MAY 16, 1956.

*Emory L. Rowland, Aretha M. Smith,* for plaintiff in error.
*W. W. Larsen, Solicitor-General, W. W. Larsen, Jr.,* contra.